THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DENYS PARRILLA**

  **Plaintiff,**

**vs.**            **Case No.**

**AAA CARROLLWOOD /aka/**
**THE AMERICAN AUTOMOBILE**
**ASSOCIATION /aka/ THE AUTO**
**CLUB GROUP,**

  **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DENYS PARRILLA ("Parrilla" or "Plaintiff"), by and through her undersigned attorneys, states as follows as her Complaint against AAA CARROLLWOOD /aka/ THE AMERICAN AUTOMOBILE ASSOCIATION /aka/ THE AUTO CLUB GROUP ("AAA" or "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1.  This is an action to secure relief, legal, equitable, and punitive, based upon AAA's unlawful employment practices in violation of American With Disabilities Act as Amended 2008, "ADAAA", 42 U.S.C. § 12101 et seq. as amended by the ADA Amendments Act of 2008 ("ADA") and the Family and Medical Leave Act of 1993, ("FMLA"), 29 U.S.C. § 2601 et seq.

2.  In violation of the ADAAA, AAA discriminated against Parrilla, a qualified individual with a disability, during the course of her employment with AAA because of the

Parrilla's disability. AAA discriminated against Parrilla in a number of ways: (1) by failing to provide a reasonable accommodation for her disability; (2) by retaliating against Parrilla; and also (3) by reassigning her to a different job.

3. In violation of the FMLA, the Defendant interfered against Parrilla by denying reinstatement following protected leave. Defendant also violated the FMLA through retaliation when Parilla was not restored to her prior position after taking protected FMLA leave.

## PARTIES

4. Parrilla is an individual over eighteen years of age, residing and domiciled in Pasco County, Florida and is otherwise sui juris. During all relevant times, Parrilla was an "employee" / "eligible employee" within the meaning of the ADA and FMLA.

5. Defendant is a motor club, providing automobile related services to its members, headquartered and registered in Michigan, USA. Defendant has a local branch designated as "AAA Carrollwood" located at 14755 North Dale Mabry, Tampa, FL 33618. Defendant is a foreign corporation authorized to conduct business and is conducting business in the State of Florida.

6. At all times material hereto, AAA was engaged in interstate commerce and had fifteen or more employees for each working day in each of twenty or more calendars weeks in the year and twelve months preceding Parilla's termination on September 28, 2020.

7. At all times material hereto, Parrilla was an employee of AAA as defined under the ADA and worked in excess of twelve months for AAA during the consecutive twelve-month period preceding September 28, 2020.

8.      At all times material hereto, AAA was engaged in interstate commerce and employed more than fifty employees for each working day during each of twenty or more calendar weeks in each calendar year relevant hereto.

9.      At all times material hereto, Parrilla was an employee of AAA as defined under the FMLA.

10.      Parrilla began her employment as an "Insurance Sales Agent" at the AAA Carrollwood location on March 24, 2014.

## JURISDICTION AND VENUE

11.      Venue is proper in this Judicial Circuit as all the events arising out of this cause arose in this Judicial District.  Venue of this action is proper pursuant to 28 U.S.C. § 1391.

12.      Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1331, 42 U.S.C. § 12101 et seq. under the ADA, and  29 U.S.C. § 2601 et seq. under the FMLA.

## ADMINISTRATIVE PROCEEDINGS

13.      On June 8, 2019, Parrilla filed an amended Dual Charge of Discrimination against AAA with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR"), charging AAA with discrimination based on disability, a true and accurate copy of which is attached hereto as **Exhibit A** and incorporated herein.  (EEOC Charge No. 15D-2019-00932).

14.      With respect to Parrilla's dual-filed charge, the EEOC issued a Notice of Right to Sue dated September 10, 2020, a true and accurate copy of which is attached hereto as **Exhibit B**,

15.      Parrilla filed this lawsuit on December 8, 2020, within 90 days of the date the Notice of Rights was received by Parrilla.

16.     Parrilla timely filed a dual-charge of discrimination with the EEOC and has met all administrative prerequisites for the bringing of this action.

## FACTUAL ALLEGATIONS

17.     Parrilla began working for AAA in March 2015 as an Insurance Sales Agent. Parrilla's primary responsibility as an Insurance Sales Agent was to sell insurance policies, including home, automobile, and umbrella insurance policies.  Since that time Parrilla performed her job in an exemplary manner as a dedicated, loyal, hard-working employee.  Parrilla consistently produced high sales numbers during her employment with Defendant.

18.     Parrilla initially took FMLA leave during 2016 to care for her ill husband that was receiving treatment for cancer.

19.     Parrilla was involved in an automobile accident on or about November 2017.

20.     Parrilla took FMLA leave soon after in late 2017 through early 2018 for injuries associated with the aforementioned automobile accident.

21.     On May 11, 2018, Parrilla and Defendant obtained a physician statement that indicated that a reasonable accommodation in the form of a stand-up desk and orthopedic chair was indefinitely required for the physical impairment for the duration of Parrilla's employment.

22.     Parrilla's back condition substantially limited major life activities by affecting her ability to sit for long periods of time.

23.     Parrilla's physician also informed her to not wear high-heeled shoes.

24.     Parrilla's physical impairment constituted a disability under the ADA.

25.     AAA was aware of Parrilla's physical disability.

26.     The physician's statement reflected inconsistencies regarding the extent of Parrilla's physical disability.

27.     Instead of further engaging in the interactive process to resolve the inconsistency with the physician statement regarding Parrilla's disability, Defendant elected to not provide a reasonable accommodation to Parrilla.

28.     Parrilla could perform the essential function of her job with reasonable accommodation.

**(CONCURRENT FMLA FOR MENTAL HEALTH)**

29.     Concurrently with Parilla's FMLA leave for physical injuries stemming from her automobile accident, Parrilla was separately certified for FMLA leave due to a diagnosis for mental depression and anxiety disorders.

30.     The physician's diagnosis for mental depression and anxiety disorders included Parrilla experiencing difficulty concentrating at work.

31.     Parrilla was under the medical care of her psychiatrist that advised her to not return to work.

32.     However, when Parrilla's supervisor Marion Dowling ("Dowling") threatened termination, Parrilla reluctantly returned to work.

33.     Parrilla's mental depression and anxiety disorders substantially limited major life activities by affecting her thinking, learning, memory, and concentration.

34.     Parrilla experienced reoccurring episodes of panic attacks, depression, and anxiety.

35.     Parrilla's mental health conditions constituted a disability under the ADA.

36.     AAA was aware of Parrilla's disability and that she prone to panic attacks.

37.     Parrilla could perform the essential function of her job with reasonable accommodation.

### (CONTINUATION OF PARRILLA'S ALLEGATIONS)

38.     While Parrilla questioned Defendant's decision to not provide a reasonable accommodation, she was unable to continue her pursuit of an accommodation for her disability because of her ongoing treatment for physical and mental impairments.

39.     Defendant did provide Parrilla with a stand-up desk (but not an orthopedic chair).

40.     Parrilla further continued to work full-time, including Saturdays and Sundays, with no work breaks.

41.     A year later, on or about November 2018, Parrilla had back surgery for injuries caused by the November 2017 automobile accident and took a brief FMLA leave.

42.     Dowling demanded Parrilla to personally pay for licensing to maintain her employment status as an Insurance Sales Agent because of Parrilla's FMLA leave and disabilities.

43.     Dowling repeatedly, on many different occasions, threatened Parrilla with termination because of Parilla's FMLA leave and disabilities.

44.     Soon after her back surgery, on or about February 21, 2019 Parrilla had a second automobile accident that caused an injury to her hand and also reaggravated her prior back injury.

45.     The second automobile accident required Parrilla to undergo hand surgery.

46.     While Parrilla's physician also recommended another back surgery, Parrilla opted to solely have the hand surgery.

47.     The second automobile accident and the ensuing medical surgery and treatment prompted Parrilla to take further FMLA leave from approximately April 1, 2019 through November 4, 2019.

48.     It was during this time period, Parrilla filed the relevant EEOC charge for disability discrimination underlying the present action.

49.     Upon returning from her FMLA leave, Parrilla was informed by Defendant that her position at AAA-Carrollwood was unavailable and she would have to choose from one of three other Florida AAA branches, upwards of 50 miles away from her residence, located in Brandon, Belleair, or Palm Harbor.

50.     Parrilla would have not an established client base at the new locations and there would be a substantial reduction in her income.

51.     Parrilla reluctantly opted for a position at a AAA call center in St. Petersburg, Florida which was much further away from her residence and the AAA Carrollwood branch because she would not have to solicit clients and the hourly rate with a structured commission. However, the St. Petersburg substantially reduced her income because she lacked an established client base.

52.     Parrilla continued her employment at the St. Petersburg location until her resignation on September 28, 2020.

53.     AAA discriminated against Parrilla on account of her disability by (1) retaliating against her, and (2) reassigning her to a different job location.

54.     Parrilla had approved FMLA claims for her disability.

55.     Parrilla is informed and believes, and on that basis alleges, that in performing the actions alleged above, AAA failed to comply with the applicable statutes and regulations, and instead, performed these actions in such a way as to discriminate against Parrilla by reassigning her to a position with substantially less compensation and a materially different commute time.

## COUNT I
## ADA – DISABILITY DISCRIMINATION
## (RETALIATION)

56.     Parrilla incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

57.     AAA violated the rights of Parrilla under the Americans With Disabilities Act, 42 U.S.C. 12101, et. seq., as amended.

58.     AAA is an employer subject to the ADA.

59.     Parrilla is a qualified individual with <u>actual disabilities, having a record of disabilities, and/or is regarded by AAA has having disabilities</u> – specifically a physical disability in the form of back impairment and mental disability in the form of depression and anxiety impairments.

60.     Parrilla's physical disability substantially limits one or more major life activities including, but not limited to, seating for long periods, walking, bending, concentrating.

61.     Parrilla's mental disability substantially limits one or more major life activities including, but not limited to, concentrating, thinking, learning, memory.

62.     Parrilla is a qualified individual with a disability because, with or without reasonable accommodation, she is able to perform the essential functions of her position as "Insurance Sales Agent" at AAA.

63.     At all relevant times, Parrilla's disability was known to AAA when she was discriminated against by AAA.

64.     Parrilla's engaged in statutorily protected activity for exercising her rights by requesting a reasonable accommodation.

65.    Parrilla's supervisor, Dowling, repeatedly threatened termination for Parrilla exercising her statutory rights by requesting a reasonable accommodation.

66.    AAA took an adverse action against Parrilla by reassigning her to a different job location than that of her <u>original</u> position.

67.    AAA reassigned Parrilla to a different job location because Parilla sought a reasonable accommodation under the ADA.

68.    Parrilla's reassignment to a different job location occurred immediately after Parrilla returned to work after taking medical leave.

69.    AAA did not have a legitimate reason for Parrilla's reassignment.

70.    Parilla was discriminated against on the basis of her disability.

71.    Due to AAA's improper reassignment of Parrilla's position, Parrilla suffered mental anguish, emotional distress, humiliation, emotional pain and suffering, inconvenience, lost wages and benefits, damage to her reputation, and other consequential damages.

72.    AAA's actions were intentional, willful, malicious, and showed deliberate indifference to Parrilla's rights under the ADA.

**WHEREFORE**, Parrilla respectfully requests that the Court enter judgment in her favor and award her the following relief:

A.    An Order declaring that AAA violated her civil rights under The Americans With Disabilities Act, 42 U.S.C. 12101 et. seq., as amended;

B.    Back pay, front pay, and other benefits lost as a result of Parrilla unlawfully being discriminated against;

C.    Compensatory and punitive damages in an amount to be determined at trial

to compensate her for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, career loss, loss of professional reputation, loss of enjoyment of life, and detrimental impact on her health caused by AAA's unlawful actions;

    D.     The attorneys' fees and costs incurred by her; and

    E.     Such other relief as may be just and appropriate.

**COUNT II**
**ADA – DISABILITY DISCRIMINATION**
**(REASSIGNMENT OF POSITION)**

73.    Parrilla incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

74.    AAA violated the rights of Parrilla under the Americans With Disabilities Act, 42 U.S.C. 12101, et. seq., as amended.

75.    AAA is an employer subject to the ADA.

76.    Parrilla is a qualified individual with <u>actual disabilities, having a record of disabilities, and/or is regarded by AAA has having disabilities</u> – specifically a physical disability in the form of back impairment and mental disability in the form of depression and anxiety impairments.

77.    Parrilla's physical disability substantially limits one or more major life activities including, but not limited to, seating for long periods, walking, bending, concentrating.

78.    Parrilla's mental disability substantially limits one or more major life activities including, but not limited to, concentrating, thinking, learning, memory.

79.    Parrilla is a qualified individual with a disability because, with or without reasonable accommodation, she is able to perform the essential functions of her position as "Insurance Sales Agent" at AAA.

80.     At all relevant times, Parrilla's disability was known to AAA when she was discriminated against by AAA.

81.     AAA discriminated against Parrilla by reassigning her to a different job location and not to her <u>original</u> position.

82.     AAA reassigned Parrilla to a different job location because Parilla sought a reasonable accommodation under the ADA.

83.     Parrilla's reassignment to a different job location occurred immediately after Parrilla returned to work after taking medical leave.

84.     AAA did not have a legitimate reason for Parrilla's reassignment.

85.     Parilla was discriminated against on the basis of her disability.

86.     Due to AAA's improper reassignment of Parrilla's position, Parrilla suffered mental anguish, emotional distress, humiliation, emotional pain and suffering, inconvenience, lost wages and benefits, damage to her reputation, and other consequential damages.

87.     AAA's actions were intentional, willful, malicious, and showed deliberate indifference to Parrilla's rights under the ADA

**WHEREFORE**, Parrilla respectfully requests that the Court enter judgment in her favor and award her the following relief:

A.      An Order declaring that AAA violated her civil rights under The Americans With Disabilities Act, 42 U.S.C. 12101 et. seq., as amended;

B.      Back pay, front pay, and other benefits lost as a result of Parrilla unlawfully being discriminated against;

C.      Compensatory and punitive damages in an amount to be determined at trial

to compensate her for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, career loss, loss of professional reputation, loss of enjoyment of life, and detrimental impact on her health caused by AAA's unlawful actions;

      D.     The attorneys' fees and costs incurred by her; and

      E.     Such other relief as may be just and appropriate.

**COUNT III**
**<u>FMLA – (INTERFERENCE)</u>**

88.     Parrilla incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

89.     The FMLA provides eligible employees with the right to be reinstated to the same or an equivalent position after taking protected leave.

90.     AAA violated the FMLA by refusing to reinstate Parrilla to her prior position or to an equivalent position with substantially similar work, compensation, opportunities for advancement, and location upon Parrilla's return to work from eligible FMLA leave.

91.     AAA's interfered with Parrilla's exercise of her rights under the FMLA by refusing her attempt to be reinstated to her full time position or an equivalent full time position.

92.     Parrilla's supervisor, Dowling, repeatedly threatened termination for Parrilla exercising her FMLA rights.

93.     Due to AAA's improper reassignment of Parrilla's position, Parrilla suffered mental anguish, emotional distress, humiliation, emotional pain and suffering, inconvenience, lost wages and benefits, damage to her reputation, and other consequential damages.

94.     AAA's actions were intentional, willful, malicious, and showed deliberate indifference to Parrilla's rights under the FMLA.

**WHEREFORE**, Parrilla respectfully requests that the Court enter judgment in her favor and award her the following relief:

A.     An Order declaring that AAA violated her civil rights under the FMLA;

B.     All statutory and equitable damages, including lost wages in the form of back pay, front pay, and other benefits and compensation, plus interest thereon;

C.     Additional liquidated damages in the appropriate corresponding amount;

D.     The attorneys' fees and costs incurred by her; and

E.     Such other relief as may be just and appropriate.

## COUNT IV
## FMLA – (RETALIATION)

95.     Parrilla incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

96.     AAA discriminatorily retaliated against Parrilla for taking FMLA leave in violation of 29 U.S.C. § 2615(a)(1) & (2); 29 C.F.R. § 825.220(c).

97.     Parrilla's engaged in statutorily protected activity for exercising her rights by taking FMLA leave.

98.     AAA took an adverse action against Parrilla by reassigning her to a different job location that was not an equivalent position with substantially similar work, compensation, opportunities for advancement, and location.

99.     AAA reassigned Parrilla to a different job location because Parilla took FMLA leave.

100.     Parrilla's reassignment to a different job location occurred immediately after Parrilla returned to work from taking FMLA leave.

101.    AAA did not have a legitimate reason for Parrilla's reassignment.

102.    Parrilla's supervisor, Dowling, repeatedly threatened termination for Parrilla exercising her FMLA rights.

103.    Due to AAA's improper reassignment of Parrilla's position, Parrilla suffered mental anguish, emotional distress, humiliation, emotional pain and suffering, inconvenience, lost wages and benefits, damage to her reputation, and other consequential damages.

104.    AAA's actions were intentional, willful, malicious, and showed deliberate indifference to Parrilla's rights under the FMLA.

**WHEREFORE**, Parrilla respectfully requests that the Court enter judgment in her favor and award her the following relief:

      A. An Order declaring that AAA violated her civil rights under the FMLA;

      B. All statutory and equitable damages, including lost wages in the form of back pay, front pay, and other benefits and compensation, plus interest thereon;

      C. Additional liquidated damages in the appropriate corresponding amount;

      D. The attorneys' fees and costs incurred by her; and

      E. Such other relief as may be just and appropriate.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Parrilla demands a trial by jury in this action.

Dated: December 8, 2020                    Respectfully submitted,


                                           /s/ *Derek P. Usman*
                                         Derek P. Usman
                                         Florida Bar No. 0120303
                                         Email: derek@usmanfirm.com

**The Usman Law Firm, P.A.**

20701 Bruce B Downs Blvd.
Suite 207
Tampa, FL 33647
(813) 377-1197 telephone
(312) 528-7684 facsimile

*Attorney for Plaintiff*

# EXHIBIT A

EEOC Form...

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| X FEPA | FCHR: 201916095 |
| X EEOC | EEOC: 15D201900400 |

**Florida Commission On Human Relations** and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Denys Parrilla | 813-279-0201 | 01/17/1972 |

**Street Address** City, State and ZIP Code

20550 Colonial Isle Dr., Building 29 Apt 101, Tampa, FL 33647

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| AAA Carrollwood | 500+ | 813-963-2121 |

**Street Address** City, State and ZIP Code

14755 N Dale Mabry Hwy, Tampa, FL 33618

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

**Street Address** City, State and ZIP Code

**DISCRIMINATION BASED ON** (*Check appropriate box(es).*)

| [X] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN |
| [X] RETALIATION | [ ] AGE | [X] DISABILITY | [ ] GENETIC INFORMATION |
| [ ] OTHER (Specify) |

| DATE(S) DISCRIMINATION TOOK PLACE |
|---|
| Earliest     Latest |
| 05/30/2019 |
| [X] CONTINUING ACTION |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s).*)

**Statement of Harm:** I was subjected to discrimination in the workplace by my supervisor. For example, during the hiring process, my Supervisor told the agent who referred me she did not want to hire me due to my heavy accent. Also, when I attended a marketing event comprised of mostly Hispanic, African American, and low income families with my supervisor, the supervisor informed me that she did not want me to focus in that market, as "they don't keep business in the book." I took this to mean she did not want me to focus on clientele from this demographic because they do not make payments and often get cancelled. My supervisor has also reprimanded me for conduct that other employees engage in, without being disciplined. For one example, I was recently reprimanded for leaving the office early due to my daughter being sick, while other employees come and go without receiving reprimand. I reported my concerns about the discrimination, to no avail. Recently, I requested a brief extension to my medical leave. Rather than grant my extension, AAA replaced my position while I was on leave, despite the fact that granting my request would not have posed an undue hardship on the business.

**Statement of Discrimination:** I believe I have been discriminated against because of my race (Hispanic) and disability, in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act (ADA).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 6/8/2019    *Denys Parrilla* Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT B

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ms. Danys Parrilla<br>c/o Gary Martoccio, Esquire<br>Spielberger Law Group<br>4890 W Kennedy Boulevard, Suite 950<br>Tampa, FL 33609 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15D-2019-00932 | **Maria E. de Paz,**<br>**State & Local Coordinator** | **(786) 648-5826** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Maria E. de Paz*   for          SEP 1 0 2020

Enclosures(s)

**BRADLEY A. ANDERSON,**
**Acting District Director**                    *(Date Mailed)*

cc:

**AAA Carrollwood**
**c/o Brett P. Owens, Esquire**
**Fisher & Phillips, LLP**
**101 E Kennedy Boulevard, Suite 2350**
**Tampa, FL 33602**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law.</u>*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**     --     **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should keep **a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS     --     Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than <u>2 years (3 years)</u>** before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION     --     Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE     --     All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at** http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.   Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.